UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER J. FLEISCHMAN,

                Plaintiff,

v.                                    Case No. 17-cv-1607-dej-pp

JOHN MATZ, TODD CHRISTOPHERSON,
and JOHN DOES,

                Defendants.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION
TO FILE A SECOND AMENDED COMPLAINT (DKT. NO. 12)
AND SCREENING THE SECOND AMENDED COMPLAINT**

---

This case is assigned to U.S. Magistrate Judge David E. Jones. Although the plaintiff consented to Judge Jones handling the case, the defendants have not yet had the opportunity to decide whether to consent because, until now, the court has not screened the complaint and decided whether it should be served on the defendants. Because *both* parties have not yet consented to the magistrate judge hearing the case, the clerk's office has referred the case to this district court judge to screen the complaint and decide whether it should be served on any of the defendants. The court will explain which claims the plaintiff has stated against which defendants, and then it will return the case to Judge Jones for further proceedings.

1

## I. Plaintiff's Motion to File Second Amended Complaint (Dkt. No. 12)

The plaintiff filed his original complaint on November 17, 2017. Dkt. No. 1. About a month later, Judge Jones entered an order informing the plaintiff that he had failed to state a claim, because he did not give the court enough facts to identify *who* had allegedly violated his constitutional rights, or *what* any person had done to allegedly violate those rights. Judge Jones instructed the plaintiff to file an amended complaint, and to "focus his allegations on what happened to him to lead him to believe that his constitutional rights were violated." Dkt. No. 7 at 4.

On February 1, 2018, the court received an amended complaint from the plaintiff. Dkt. No. 10. About two weeks later, Judge Jones entered an order explaining to the plaintiff that, while his allegations that jail staff failed to protect him from other inmates' threats, harassment and discrimination might give rise to a claim, the plaintiff could not proceed on those allegations because he had not sued a proper defendant. Dkt. No. 11. Rather than suing the person or persons who allegedly failed to protect him, the plaintiff had sued the County of Winnebago and the Winnebago County Jail. Judge Jones again told the plaintiff that he had to sue the *people* allegedly responsible for violating his rights, because "[t]here is no supervisory liability, collective liability, or vicarious liability under 42 U.S.C. §1983." Dkt. No. 11 at 3 (citing Pacelli v. deVito, 972 F.2d 871, 877-78 (7th Cir. 1992)).

Judge Jones also explained to the plaintiff that (1) the plaintiff could not sue the Winnebago County Jail because the Jail was not a "person" and, under

2

§1983, a plaintiff must sue the *persons* responsible for the alleged misconduct; and (2) he could not sue his fellow inmates because, under §1983, a plaintiff can sue only "state actors." Dkt. No. 11 at 4. Judge Jones gave the plaintiff another opportunity to amend his complaint.

On March 5, 2018, the court received from the plaintiff a document titled, "Motion to File Second Amended Complaint Curing Defects in Amended Complaint." Dkt. No. 12. Judge Jones already had given the plaintiff permission to file a second amended complaint, so he did not need to ask for permission. The "motion," however, appears to be the plaintiff's second amended complaint. The court will grant the plaintiff's motion and ask the clerk's office to docket the plaintiff's motion as the operative complaint.

## II. Screening the Plaintiff's Second Amended Complaint

### A. Federal Screening Standard

The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which a federal court may grant relief, or that seek monetary relief from a defendant who is immune from that relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that 1) someone deprived him of a right secured by the Constitution or laws of the United States; and 2) that person was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### B. The Plaintiff's Allegations

The plaintiff now has named Winnebago County Sheriff John Matz (the plaintiff mistakenly spelled his name "Motz"), Chief Deputy Todd Christopherson, John Doe jail staff, and John Doe inmates. Dkt. No. 12 at 1. The plaintiff alleges that, while he was at the Winnebago County Jail, other inmates used the phone system to look up his name and the crime for which he was convicted, and used that information to torment him. Id. He asserts that the other inmates would make up songs, which they would sing during shift changes, and the staff at the jail would not control or discipline these inmates. Id. He also says that the inmates threatened that if he said anything, or spoke out against them, they would come kill him and his family. Id. at 2. The plaintiff states that this happened almost daily. Id. at 2.

According to the plaintiff, although the plaintiff informed jail staff (John Does) about the other inmates' behavior, they did not control or discipline the

4

inmates. Id. The plaintiff states that, because of the threats, taunting and discrimination, he now is being treated for depression, anhedonia, disrupted sleep, crying spells and thoughts of suicide. Id. He asks for money damages, and for injunctive relief to create a better environment so that this doesn't happen to others. Id.

### C. The Court's Analysis

The court will not allow the plaintiff to proceed on claims against Winnebago County Sheriff John Matz or Chief Deputy Todd Christopherson. Although the plaintiff names them in the caption of his second amended complaint, he does not allege that they personally did anything to violate his constitutional rights.

As Judge Jones has already explained, "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996) (quoting Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994)). Under §1983, a plaintiff cannot sue someone for another person's misconduct, and he cannot hold a supervisor liable for the misconduct of the supervisor's employees or subordinates. Because the plaintiff does not allege that either of these individuals was personally involved in the alleged wrongdoing, he has not stated a claim against them under §1983, and the court will dismiss them as defendants.

Nor can the plaintiff sue the inmates who taunted him, threatened him and discriminated against him—at least, not in federal court for violating his constitutional rights under §1983. As Judge Jones already has explained, under §1983, a plaintiff can sue only "state actors," which is another way of saying that the people a plaintiff sues must have legal authority over the plaintiff under state law. See West v. Atkins, 487 U.S. 42, 49 (1988). His fellow inmates did not have any legal authority over the plaintiff, and they were not acting under state law, so they are not "state actors" and cannot be sued under §1983.

The court will, however, allow the plaintiff to proceed on an Eighth Amendment failure-to-protect claim against John Doe jail staff. To state a failure-to-protect claim, a plaintiff must allege that "he is incarcerated under conditions posing a substantial risk of serious harm" and that the defendants were deliberately indifferent to that risk. Brown v. Budz, 398 F.3d 904, 910-13 (7th Cir. 2005). The plaintiff alleges that not only did he tell John Doe(s) that inmates were harassing, taunting and threatening him, but they would hear the songs the other inmates were singing, so they knew about the taunting and threats. At this early stage of the proceedings, these allegations are enough for the plaintiff to proceed on his claim.

Because the plaintiff does not know the names of the jail staff members he is suing, the court will leave Winnebago County Sheriff John Matz as a defendant for the limited purpose of helping the plaintiff identify the real names

6

of the John Doe jail staff. See Donald v. Cook Cty. Sheriff's Dep't, 95 F.3d 548, 556 (7th Cir. 1996).

The court will order the US Marshal to serve Sheriff Matz with the plaintiff's second amended complaint and a copy of this order. Sheriff Matz does not have to respond to the plaintiff's second amended complaint. After Sheriff Matz's attorney files an appearance in the case, the plaintiff may serve discovery upon Sheriff Matz (by mailing it to Sheriff Matz's attorney at the address in his notice of appearance) to get information that will help him identify the real names of the Doe defendants.

For example, the plaintiff may mail Sheriff Matz's attorney interrogatories (written questions) under Federal Rule of Civil Procedure 33, or document requests under Rule 34. Because the plaintiff has not stated a claim against Sheriff Matz, the plaintiff must limit his requests to asking for information or documents that will help him learn the real names of the staff members he is suing. (For example, he can ask Sheriff Matz for the names of staff members working on the cell block during the time the plaintiff was there.) The plaintiff many not ask Sheriff Matz about any other topic, and Sheriff Matz is under no obligation to respond to requests about any other topic.

After the plaintiff identifies the real names of the Doe defendants, he must file a motion, asking the court to substitute the real names for the Doe placeholders. The court will dismiss Sheriff Matz as a defendant once the plaintiff identifies the real names of the Doe defendants. Once the plaintiff identifies the Doe defendants and they have had an opportunity to respond to

the plaintiff's second amended complaint, the court will set a deadline for the parties to exchange discovery about the plaintiff's allegations. At that point, the plaintiff may use the discovery process to get the information that he believes he needs to prove his claims.

The plaintiff must file a motion asking to substitute the real names of the Doe defendants by **September 28, 2018**, or file a letter explaining why he is unable to identify them. If the court does not receive either of those things from the plaintiff by the end of the day on September 28, 2018, the court may dismiss his case for failure to diligently pursue it. Civil L.R. 41(c).

### III. Conclusion

The court **GRANTS** the plaintiff's motion to file a second amended complaint. Dkt. No. 12. The clerk's office will docket the motion as the operative complaint.

The court **DISMISSES** Todd Christopherson and John Does Inmates as defendants.

The court **ORDERS** the United States Marshal to serve a copy of the second amended complaint and this order on defendant Sheriff John Matz under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R.

§§0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** that Sheriff Matz does not have to respond to the plaintiff's second amended complaint; however, he must respond to the plaintiff's discovery requests as described in this order.

The court **ORDERS** the plaintiff to file a motion to substitute the real names of the Doe defendants, or file a letter explaining why he is unable to do so, in time for the court to receive it by the end of the day on **September 28, 2018**.

The court **RETURNS** this case to U.S. Magistrate Judge David Jones for further proceedings.

Dated in Milwaukee, Wisconsin, this 31st day of July, 2018.

                                                          **BY THE COURT:**

                                                          **HON. PAMELA PEPPER**
                                                          **United States District Judge**