UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER J. FLEISCHMAN,

                  Plaintiff,

v.                                                  Case No. 17-cv-1607-pp

ANDREW BAUER, *et al.*,

                  Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 55)**

---

      The plaintiff, a Wisconsin state prisoner who is representing himself, is proceeding on claims against the defendants based on his allegations that they failed to protect him from other inmates who were harassing, taunting and threatening him. Dkt. No. 18 at 6. The defendants have moved for summary judgment, asserting that the plaintiff failed to exhaust the available administrative remedies before he filed this case. Dkt. No. 55. The court will grant the motion and dismiss this case.

**I.    RELEVANT FACTS**

      The plaintiff was incarcerated at the Winnebago County Jail from June 13, 2016 until April 17, 2017. Dkt. No. 57 at ¶7.

      In his second amended complaint, the plaintiff alleged that while at the jail, he was "taunted, threatened, and discriminated against for the crime" he committed. Dkt. No. 17 at 1. He asserted that inmates looked up his crime, sang songs about it and threatened him (including threatening to kill him and

1

his family), and that although he told the jail staff about these taunts and threats, the jail staff did nothing. Id. at 1-2. He asserted that he has suffered depression, insomnia, crying spells and suicidal thoughts as a result. Id. at 2.

After booking the plaintiff into the jail, staff provided him with a copy of the jail's handbook and rules and regulations. Dkt. No. 57 at ¶¶8, 12. The plaintiff acknowledged receiving the handbook and rules and regulation by signing a notification form. Id. at ¶9; Dkt. No. 63 at ¶2; Dkt. No. 58-1.

The inmate handbook sets forth the procedure for filing an inmate grievance. Dkt. No. 57 at ¶12. On a jail-provided form, an inmate must file written grievances about any concerns he has about the conditions of his confinement, including any abuse or harassment. Id. at ¶¶10-14. The handbook requires an inmate to direct the grievance form to a "shift supervisor within seven days of the incident or event that is the basis for [the] grievance." Dkt. No. 58-2 at 2. The handbook instructs an inmate to "inform the jail staff if the grievance is an emergency concerning a threat to health or welfare so they can notify the shift supervisor immediately." Id. The defendants state that there is no record of the plaintiff filing a grievance about the conditions of his confinement while he was at the jail; in fact, the plaintiff indicates that he does not recall filing *any* grievance while he was at the jail. Dkt. No. 57 at ¶¶25-30; Dkt. No. 53 at 3, answer to request no. 2.

The rules also permit an inmate to request a review of his classification and placement within the jail. Dkt. No. 57 at ¶15. Whether the jail modifies an inmate's classification is based on the inmate's behavior, the availability of

other placement options and the information the inmate provides about why he is requesting the change. Id. at ¶17. To request a classification review, an inmate must submit a written "Review of Classification Request" form. Id. at ¶18. Requesting a classification review is not a substitute for filing a grievance, but an inmate can file a grievance about his request for a classification review being denied. Id. at ¶20.

The plaintiff filed Review of Classification Requests on August 6, 2016, and August 9, 2016. Dkt. No. 57 at ¶21. In his first review request, the plaintiff stated, "I feel more comfortable in B200 Pod and I feel more secure." Dkt. No. 63-1 at 1. In his second review request, he stated, "I feel more comfortable in B200 Pod, I feel more secure, I prefer the privacy of a cell." Id. at 2. The classification review officer denied both requests, finding that the plaintiff's placement in the jail was appropriate. Dkt. No. 57 at ¶22. There is no record of the plaintiff filing a grievance about his request for a classification review being denied. See id. at ¶¶25-30.

## II. DISCUSSION

1. Legal Standard

The Prison Litigation Reform Act ("PLRA") provides in part that "[n]o action shall be brought with respect to prison conditions under § 1983. . . by a prisoner. . . until such administrative remedies as are available are exhausted." 42 U.S.C §1997e(a). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court," and it produces a "useful administrative record"

3

for the district court to rely on. Jones v. Bock, 549 U.S. 199, 204 (2007) (citing Woodford v. Ngo, 548 U.S. 81, 94-95 (2006)). Requiring exhaustion also promotes efficiency because agencies generally resolve claims much faster than federal courts. Woodford, 548 U.S. at 89. A district court "lacks discretion to resolve the claim on the merits" if the prisoner fails to properly exhaust administrative remedies before he initiates his case. Perez v. Wis. Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999).

The Seventh Circuit "has taken a strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner must "properly use the prison's grievance process" prior to filing a case in federal court. Id. "[A] prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). "[I]t is the prison's requirements . . . that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. at 218.

2. Analysis

The defendants have asserted that the plaintiff did not file any grievances while he was incarcerated at the jail. The plaintiff does not dispute this assertion; instead, he states that he was "too distraught and distressed during his incarceration" to file a grievance. Dkt. No. 63 at ¶2. The fact that the plaintiff was distraught does not relieve him of the obligation to exhaust his remedies. The plaintiff has not argued that there were no grievance procedures available to him. He has not argued that he was physically incapable of accessing the grievance procedures or blocked from doing so. He asserts only

4

that he was upset during the time he would have had to file a grievance. Because the plaintiff failed to exhaust the administrative remedies before he initiated this case, the court does not have the authority to decide his claim on the merits. The court will grant the defendants' motion and dismiss this case.

### III. CONCLUSON

The court **GRANTS** the defendants' motion for summary judgment. Dkt. No. 55.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** and will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the

entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 30th day of April, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**